**ROBERT C. NISENSON, L.L.C.**
10 Auer Court
East Brunswick, NJ 08816
 (732) 238-8777
Attorneys for Debtor-In-Possession
Robert C. Nisenson, Esq.
RCN 6680

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In the Matter of | : | Case: 16-28100 |
| | : | Chapter 13 |
| DANELLE B. GUILD | : | |
| | : | |
| | : | |
| | : | **CERTIFICATION IN RESPONSE** |
| Debtor. | : | **TO STATE OF NEW JERSEY** |
| | : | **OPPOSITION TO DEBTOR'S MOTION** |
| | | **TO CANCEL AND DISCHARGE** |
| | : | |
| _____ | : | |

I, Robert C. Nisenson, on my oath according to law, hereby certify as follows:

1. I am the attorney representing Danelle B. Guild, the ("Debtor") herein, and submit this Certification in response to State of New Jersey Opposition to Debtor's Motion to Cancel and Discharge.

2. Debtor filed a Voluntary Chapter 13 Bankruptcy case on September 21, 2016 in an attempt to save her home.

3. At the time of filing the bankruptcy case, Debtor was aware of nine (9) judgments with the State of New Jersey. Debtor was transparent with all information and provided all documentation to support the filing of schedules in her bankruptcy case.

4. Debtor filed a Chapter 13 Plan on September 30, 2016.

5. At the time of filing the Chapter 13 Plan, Debtor listed all the judgments from the State of New Jersey listed on Part 7 (a) Motion to Avoid Liens under 11 U.S.C. Section 522(f). The actual DJ numbers were omitted from the Chapter 13 Plan.

6. On October 5, 2016, the United States Bankruptcy Court sent a Certificate of Notice to all parties and the State of New Jersey.

7. However, the State of New Jersey was aware of this bankruptcy case since they did file Proof of Claims on December 1, 2016 and had an opportunity to review all court filings.

8. Debtor filed an amended Chapter 13 plan on December 21, 2016. The Plan was amended to include additional secured creditor and priority creditor arrears. The Motion to Void State of New Jersey judgments remained the same.

9. Debtor filed a Certificate of Service on January 9, 2017 serving all creditors. An amended Certificate of Service was filed on February 17, 2017 to include additional addresses for the State of New Jersey.

10. On April 19, 2017, an Order Confirming the Chapter 13 Plan and BNC Certificate of Notice was sent to all creditors.

11. Debtor is now completing her Chapter 13 Plan.

12. On May 28, 2021, Debtor filed a Motion to Cancel and Discharge Liens.

13. At the time of filing the Motion to Cancel and Discharge Liens, Debtor added all DJ numbers on the Motion. The following are the State of New Jersey judgments: DJ-060408-2009 in the amount of $3,729.54, DJ-085728-2012 in the amount of $26,239.26, DJ-216235-2012 in the amount of $14,348.23, DJ-06668-2013 in the amount of $26,745.11, DJ-101175-2014 in the amount of $14,211.74, DJ-071043-

2015 in the amount of $9,902.56, DJ-162848-2015 in the amount of $11,000.00, DJ-162849-2015 in the amount of $20,000.00 and DJ-007167-2016 in the amount of $124,775.87.  DJ-047776-2013 in the amount of $554.53 and DJ-186942-2014 in the amount of $2,679.29.

14. Debtor inadvertently omitted two (2) State of New Jersey judgments on the original filing of the Chapter 13 Plan which are were added to the Motion to Cancel and Discharge.  Please note the following, DJ-047776-2013 in the amount of $554.53 and DJ-186942-2014 in the amount of $2,679.29.  These claims total $3,233.82.

15. It is Debtor's position that even though Taxation in their letter brief, claim "they did not sleep on its rights", Taxation made no attempts on multiple filings of Chapter 13 Plans by Debtor to either address the missing Judgment numbers or object to confirmation of Debtor's Chapter 13 Plan.

16. It is only at this juncture, upon filing the Motion to Cancel and Discharge, that the State of New Jersey after nearly five (5) years in bankruptcy, is now objecting to the right of Debtor to remove all judgments against Debtor and Debtor's property.

17. Further, the Court not granting this Motion to Cancel and Discharge, will cause a severe hardship on Debtor since the initial filing of bankruptcy was in fact to save the home and have Debtor move on from the fiasco of her divorce and financial mess.  All these judgments were solely against Debtor's ex-husband.

18. We hereby ask the Court to allow this Motion to Cancel and Discharge and further allow Debtor an opportunity to a fresh start.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/Robert C. Nisenson
ROBERT C. NISENSON

DATED: August 18, 2021